MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
MEGAN E. ROSS, ESQ., SBN 227776
MROSS@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Paolo Hagedorn

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAOLO HAGEDORN, AN INDIVIDUAL;<br><br>         Plaintiff,<br><br>     vs.<br><br>TEAM TSI, INC., A FLORIDA CORPORATION;  CRAIG FINLAY, AN INDIVIDUAL; ,<br><br>         Defendant. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, MINIMUM WAGE VIOLATIONS, FAILURE TO INDEMNIFY,  AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PAOLO HAGEDORN, alleges:

## **JURISDICTION**

1.  This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.  This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and

whether that failure to pay was willful.  The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA.  The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful.  As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## VENUE

3. This Court is the proper court and this action is properly filed in the County of San Joaquin and in this judicial district because Defendants do business in the County of San Joaquin, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of San Joaquin is the subject of this action.

## PARTIES

4. Plaintiff PAOLO HAGEDORN ("HAGEDORN") was employed by Defendant from September 1, 2011 through July 30, 2013.

5. Defendant TEAM TSI, INC. ("TTSI") is a Florida Corporation doing business in the County of San Joaquin, State of California.

6. Defendant CRAIG FINLAY ("FINLAY") is an individual doing business in the County of San Joaquin, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## CALIFORNIA LABOR CODE
## (AGAINST TTSI)

7. Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

8. This cause of action is brought against TTSI.

9. Pursuant to Cal. Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

10. While employed by Defendants, Plaintiff was not paid at least the

minimum wage for all hours worked.

11. Plaintiff was not paid the proper minimum wage by Defendants for at least one pay period within the three (3) years prior to initiating this lawsuit.

12. Defendants know or should know the pay periods in which minimum wage was not paid as well as the amount of underpaid wages.

13. Under California Labor Code, Plaintiff is to recover the minimum wage for all hours worked.

14. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount in excess of $1,530, and subject to proof at time of trial.

15. Pursuant to Labor Code §§ 218.6, 1194, and California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of the minimum wage for all hours worked, interest, reasonable attorney's fees and costs of suit.

16. Pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover an additional amount equal to the unlawfully unpaid wages as liquidated damages. As such, Plaintiff prays for an additional amount of $1,530.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST TTSI)

17. Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

18. This cause of action is brought against TTSI.

19. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

1 worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)
2 times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
3 of hours worked in excess of eight (8) hours on the seventh consecutive work day in
4 a week.

20. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

21. Plaintiff was entitled to the above overtime premiums.

22. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

23. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

24. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

25. Plaintiff HAGEDORN worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

26. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

27. As a proximate result of Defendants' violations, Plaintiff HAGEDORN has been damaged in an amount in excess of $8,271 and subject to proof at time of trial.

28. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff HAGEDORN is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

///

### THIRD CAUSE OF ACTION
### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
### UNDER LABOR CODE SECTION 226
### (AGAINST TTSI)

29. Plaintiff refers to and incorporate by reference Paragraphs 1 through 28.

30. This cause of action is brought against TTSI.

31. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

32. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

33. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

34. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

35. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

### FOURTH CAUSE OF ACTION
### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203
### (AGAINST TTSI)

36. Plaintiff refers to and incorporates by reference Paragraphs 1 through 35.

37. This cause of action is brought against TTSI .

38. Plaintiff's employment with Defendants was terminated on July 30, 2013.

39. Defendants willfully refused and continue to refuse to pay Plaintiff HAGEDORN unpaid wages as required by Labor Code § 203. Defendants know

that the pay is due and are refusing to pay it.

40. Plaintiff HAGEDORN requests damages and penalties as provided by Labor Code § 203 in the amount of $4,154 and subject to proof at time of trial.

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

41. Plaintiff refers to and incorporates by reference Paragraphs 1 through 40.

42. This cause of action is against all Defendants, jointly and individually.

43. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

44. Plaintiff worked numerous weeks in excess of forty (40) hours.

45. Plaintiff was entitled to the above overtime premiums.

46. Defendants failed to compensate Plaintiff for any overtime premiums.

47. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

48. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

49. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

50. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

51. Defendant TTSI was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

52. Defendant TTSI was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

53. Defendant TTSI conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

54. Defendant TTSI employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

55. Defendant FINLAY was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. FINLAY was a corporate officer and/or agent of TTSI. FINLAY acted both directly and indirectly in the interest of TTSI, as it related to Plaintiff's employment and payment of wages.

56. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

57. Plaintiff prays for judgment for overtime pay of $8,271. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

58. Plaintiff prays for judgment for liquidated damages in the amount of $8,271. This amount is supplemental to the relief requested in all other causes of action.

59. Plaintiff prays for costs and attorney's fees.

## SIXTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY EMPLOYEES UNDER LABOR CODE SECTION 2802
## (AGAINST TTSI)

60. Plaintiff refers to and incorporates by reference Paragraphs 1 through 59.

61. This cause of action is brought against TTSI.

62. Plaintiff incurred reasonable and necessary business expenses during his employment with Defendants.

63. Plaintiff was not properly reimbursed for all reasonable and necessary business expenses and thus incurred a loss as a direct consequence of the discharge of his duties.

64. Defendants are required to indemnify Plaintiff against all losses and expenses incurred in the discharge of his duties or in response to his employer's orders, as provided in Cal. Lab. Code § 2802.

65. Plaintiff prays for reimbursement for all losses and expense under this Cause of Action in an amount subject to proof at time of trial, reasonable costs, interest, and attorney fees.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
## (AGAINST TTSI)

66. Plaintiff refers to and incorporates by reference Paragraphs 1 through 65.

67. This cause of action is brought against TTSI.

68. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

69. By failing to pay at least the minimum wage, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

70. By failing to indemnify for all reasonable or necessary losses or expense, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

71. Plaintiff HAGEDORN prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS

## (AGAINST TTSI)

72. Plaintiff refers to and incorporates by reference Paragraphs 1 through 71.

73. This cause of action is brought against TTSI.

74. Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

75. Plaintiff requested his pay records in accordance with Labor Code § 226 on June 3, 2014.

76. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy his records within 21 days.

77. Pursuant to Labor Code § 226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

78. Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code § 226.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff HAGEDORN in an amount in excess of $8,271 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $8,271 and subject to proof at trial.

3. Damages for minimum wage not paid to Plaintiff HAGEDORN in an amount in excess of $1,530 and subject to proof at trial.

4. Liquidated Damages for minimum wage not paid to Plaintiff HAGEDORN in an amount in excess of $1,530 and subject to proof at trial.

5. All unpaid loses or expenses in an amount subject to proof at trial.

6. For damages and penalties under Labor Code § 226 for Plaintiff HAGEDORN in an amount subject to proof at trial.

7. For penalties and damages pursuant to Labor Code § 203 for Plaintiff HAGEDORN in an amount of $4,154 and subject to proof at trial.

8. For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.

9. For restitution and disgorgement for all unfair business practices against Plaintiff HAGEDORN in an amount subject to proof at trial.

10. For prejudgment and post judgment interest.

11. Cost of suit.

12. Attorneys' fees.

13. For such other and further relief as the court may deem proper.

DATED: July 17, 2014          LAW OFFICES OF MICHAEL TRACY

By: _____
MEGAN E. ROSS, Attorney for Plaintiff Paolo Hagedorn

-10-
COMPLAINT FOR LABOR VIOLATIONS

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: July 17, 2014          LAW OFFICES OF MICHAEL TRACY

By: _____
MEGAN E. ROSS, Attorney for Plaintiff Paolo Hagedorn

COMPLAINT FOR LABOR VIOLATIONS